RECEIVED
JUN 2 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: NEW IBERIA TRAIN DERAILMENT LITIGATION | CONSOLIDATED FILE<br>CIVIL ACTION NUMBER: 00-1097<br>JUDGE DOHERTY<br>MAGISTRATE JUDGE HILL |

## FINAL DISTRIBUTION RULING AND ORDER

This matter is now in a procedural posture to permit this Court to order the final distribution of the remaining contents of the Settlement Fund. As this Court concludes that a distribution pursuant to the *cy pres* doctrine is advisable at this time, a brief discussion of the procedural history and the facts is appropriate.

After final approval of the proposed settlement of the class claims in this matter, this Court approved a distribution plan in April, 2003 that called for the creation of a set-aside in the amount of 10% of the funds subject to distribution, or approximately $255,000. Officially designated as a "reserve for necessary adjustments," the contingency fund was designed to protect against the possibility of unanticipated developments such as a need to respond to late claims, unexpectedly high compensatory damages, unexpectedly high transactional expenses, etc.

In the time period prior to commencing the distribution of funds – a time when it was not possible to predict how smoothly the process would go, nor how many unexpected developments would arise – this Court concluded that the proposed 10% figure was a reasonable sum for such a set-aside. The fullness of time, however, revealed that this Court's precaution was unnecessary, as the costs incurred in distributing the settlement funds to the class were less than expected and the unanticipated developments were many fewer than historically has been the case with class actions.

This outcome was due, in no small part, to the professionalism and the quality of work performed by the Plaintiffs' Steering Committee, the Special Master, and the Court-Appointed Distributing Agent.

At this point, the distribution process has been fully completed – every claimant has now been compensated in accordance with the compensation scheme approved by this Court – but there nonetheless remain contingency funds which are undistributed, unallocated to specific class members, and, therefore, not subject to distribution without further order of this Court.

This Court's experience with the costs associated with the distribution process at this time suggests that the remaining sum – approximately $11,788.00 – is not sufficiently large to permit a meaningful distribution of funds to class members. To the contrary, the costs associated with an attempt to distribute these funds are higher than the total sum available to be distributed. Both the federal courts and the Louisiana courts have approved use of the *cy pres* doctrine when "distribution to the class who should ideally receive a fund is impracticable or inappropriate," or when "the amounts owing to each individual plaintiff are exceedingly small and/or identification of the amount due each individual would be excessively difficult." *See* Wilson v. Southwest Airlines, Inc., 880 F.2d 807, 811 (5th Cir. 1989); Cavalier v. Mobil Oil Corporation, 2004-1543 (La.App. 4 Cir. 3/2/05), 898 So.2d 584, 588. In light of the impracticability of a distribution of the Fund to the plaintiff class, the circumstances of this case strongly support a distribution of the remaining funds pursuant to the *cy pres* doctrine. This requires a determination of the "next best" option available to this Court for accomplishing a distribution that a chance of benefitting the plaintiff class in a realistic way.

At a status conference on April 26, 2005, this Court discussed with the Special Master, the Plaintiffs' Steering Committee, counsel for Burlington Northern & Santa Fe Railway Company, and

the Court-Appointed Distribution Agent, the advisability of a *cy pres* distribution of the remaining funds. Upon receiving positive responses from all participants in the conference concerning the Court's intention, the Court invited submissions for recommendations as to prospective recipients of the funds. All proposals were received by this Court by May 27, 2005.

This Court has reviewed all *cy pres* proposals (both the new proposals and proposals submitted prior to this Court's *cy pres* distribution of October 18, 2004) and considered all of them, in consultation with the Special Master. While all of the proposals are of merit, this Court chose the recipients identified below because, in this Court's opinion, their proposals would most benefit those residents of New Iberia, Louisiana who might have been unable to demonstrate physical and emotional injury under the Special Master's protocol, but who nevertheless might have suffered as a result of the incident at hand.

Considering the foregoing Ruling,

IT IS HEREBY ORDERED that the Court-Appointed Distribution Agent transfer into the Common Benefit Fund ("CBF"), the remaining balance from the Settlement Fund, so as to allow for the disbursement of the remaining balance to the following agencies:

1. $4,000.00 to Iberia Community Action Agency, Courthouse Annex Bldg., Suite A-306, 121 West Pershing Street, New Iberia, Louisiana 70560;

2. $4,000.00 to Acadiana Legal Service Corporation, P.O. Box 4823, Lafayette, LA 70502-4823, to be used exclusively to provide legal assistance to eligible clients in Iberia Parish, Louisiana; and

3. the remaining balance to the Southwestern Louisiana Educational and Referral Center, Inc., P.O. Box 52763, Lafayette, LA 70505, to be used exclusively in

3

connection with Project Rx for eligible residents of Iberia Parish, Louisiana.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 19 day of June, 2005.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4